ROBERT P. FELDMAN, State Bar # 69602
BERNARD H. CHAO, State Bar # 148352
JENNIFER A. OCHS, State Bar # 174069
MAURA L. REES, State Bar # 191698
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone:  (650) 493-9300
Facsimile:  (650) 565-5100

Attorneys for Plaintiff
TOWNSHEND INTELLECTUAL PROPERTY, L.L.C.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWNSHEND INTELLECTUAL PROPERTY, L.L.C., a California L.L.C.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CISCO SYSTEMS, INC., a California corporation,<br><br>　　　　　Defendant. | CASE NO.:  C-02-04833 CRB<br><br>**AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**AMENDED COMPLAINT**

Plaintiff Townshend Intellectual Property L.L.C. hereby alleges for its Amended Complaint against defendant Cisco Systems, Inc. ("Cisco"), on personal knowledge as to its own activities and on information and belief as to the activities of others, as follows:

**The Parties**

1.　　Townshend Intellectual Property L.L.C. is a California limited liability company with its principal office at 1040 Noel Drive, Suite 102, Menlo Park, California 94025.  Dr. Brent Townshend is the Managing Member of Townshend Intellectual Property L.L.C.

1  Dr. Townshend holds a Ph.D. in Electrical Engineering and has been a Consulting Professor of

2  Electrical Engineering at Stanford University; he is also an independent inventor.  Townshend

3  Intellectual Property L.L.C. (hereafter "Townshend") is the owner by assignment of

4  Dr. Townshend's patents asserted in this action.  The Assignment Agreement is attached hereto

5  as Exhibit A.

6      2.    Cisco is a California corporation with its principal place of business at 170 West

7  Tasman Drive, San Jose, California 95134-1706.

8  **Jurisdiction and Venue**

9      3.    This Court has jurisdiction over the subject matter of this case pursuant to 28

10  U.S.C. § 1338(a) because this is a claim for patent infringement arising under the patent laws of

11  the United States, 35 U.S.C. § 1 *et seq.*

12      4.    Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

13  **Intra-district Assignment**

14      5.    This is an action for patent infringement; therefore, according to Civil L.R. 3-2(c),

15  it may be assigned on a district-wide basis.

16  **Background**

17      6.    Dr. Townshend is the inventor of several U.S. patents, including U.S. Patent

18  Nos. 5,809,075; 5,801,695; 5,589,872; 5,970,103; 6,400,770; 6,233,284; 6,233,275; and

19  5,835,538 (collectively, the "patents in suit").

20      7.    Dr. Townshend's inventions have enabled a fundamental increase in the speed by

21  which data can be transmitted over ordinary telephone lines, such as when a personal computer

22  user at home connects to the Internet using a modem.  Until Dr. Townshend's invention of this

23  technology, engineers and scientists believed that a long-accepted principle, known as

24  "Shannon's Theorem," precluded data transmission over ordinary telephone lines at rates faster

25  that 35,000 bits per second (or "35 Kbps").  Dr. Townshend's groundbreaking discoveries

26  enabled much faster data transmission, at rates of up to 56,000 bits per second ("56 Kbps," or

27  simply "56K").  Certain of Dr. Townshend's inventions are embodied in consumer devices

28  known generically as "56K modems" or "V.90 modems," and which are included in most

personal computers sold today.  Dr. Townshend's inventions have contributed to making high-speed Internet communications a reality for many of today's personal computer users.

## First Cause of Action

### (Infringement of U.S. Patent No. 5,809,075)

8. Townshend repeats the allegations contained in the paragraphs above.

9. Townshend is the owner of United States Patent No. 5,809,075 ("the '075 patent"), entitled "High Speed Communications System for Analog Subscriber Connections." The patent is attached hereto as Exhibit B.

10. Several of Cisco's client-side products, including without limitation its WIC1AM WAN Interface Card and WIC2AM WAN Interface Card; and several of Cisco's server-side products, including without limitation its AccessPath Access Servers – AccessPath-TS3, AS5850 Universal Gateway, AS5800 Universal Access Server, AS5400 Universal Gateways, AS5350 Universal Gateway, and AS5300 Universal Access server; infringe the '075 patent either directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

11. On information and belief, such infringement has been willful and deliberate.

12. Unless enjoined by this Court, Cisco will continue to infringe the '075 patent, and Townshend will suffer damages and irreparable harm.

## Second Cause of Action

### (Infringement of U.S. Patent No. 5,801,695)

13. Townshend repeats the allegations contained in the paragraphs above.

14. Townshend is the owner of United States Patent No. 5,801,695 ("the '695 patent"), entitled "High Speed Communications System for Analog Subscriber Connections." The patent is attached hereto as Exhibit C.

15. Several of Cisco's client-side products, including without limitation its WIC1AM WAN Interface Card and WIC2AM WAN Interface Card, infringe the '695 patent either directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

16. On information and belief, such infringement has been willful and deliberate.

17. Unless enjoined by this Court, Cisco will continue to infringe the '695 patent, and Townshend will suffer damages and irreparable harm.

**Third Cause of Action**

**(Infringement of U.S. Patent No. 5,859,872)**

18. Townshend repeats the allegations contained in the paragraphs above.

19. Townshend is the owner of United States Patent No. 5,859,872 ("the '872 patent"), entitled "High Speed Communications System for Analog Subscriber Connections." The patent is attached hereto as Exhibit D.

20. Several of Cisco's client-side products, including without limitation its WIC1AM WAN Interface Card and WIC2AM WAN Interface Card, infringe the '872 patent either directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

21. On information and belief, such infringement has been willful and deliberate.

22. Unless enjoined by this Court, Cisco will continue to infringe the '872 patent, and Townshend will suffer damages and irreparable harm.

**Fourth Cause of Action**

**(Infringement of U.S. Patent No. 5,970,103)**

23. Townshend repeats the allegations contained in the paragraphs above.

24. Townshend is the owner of United States Patent No. 5,970,103 ("the '103 patent"), entitled "High Speed Communications System for Analog Subscriber Connections." The patent is attached hereto as Exhibit E.

25. Several of Cisco's client-side products, including without limitation its WIC1AM WAN Interface Card and WIC2AM WAN Interface Card; and several of Cisco's server-side products, including without limitation its AccessPath Access Servers – AccessPath-TS3, AS5850 Universal Gateway, AS5800 Universal Access Server, AS5400 Universal Gateways, AS5350 Universal Gateway, and AS5300 Universal Access server; infringe the '103 patent either directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

26. On information and belief, such infringement has been willful and deliberate.

1   27.     Unless enjoined by this Court, Cisco will continue to infringe the '103 patent, and
2  Townshend will suffer damages and irreparable harm.

3  **Fifth Cause of Action**

4  **(Infringement of U.S. Patent No. 6,400,770)**

5   28.     Townshend repeats the allegations contained in the paragraphs above.

6   29.     Townshend is the owner of United States Patent No. 6,400,770 ("the '770
7  patent"), entitled "High Speed Encoding and Decoding Methods for Analog Subscriber
8  Connections."  The patent is attached hereto as Exhibit F.

9   30.     Several of Cisco's client-side products, including without limitation its WIC1AM
10 WAN Interface Card and WIC2AM WAN Interface Card; and several of Cisco's server-side
11 products, including without limitation its AccessPath Access Servers – AccessPath-TS3, AS5850
12 Universal Gateway, AS5800 Universal Access Server, AS5400 Universal Gateways, AS5350
13 Universal Gateway, and AS5300 Universal Access server; infringe the '770 patent either
14 directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

15  31.     On information and belief, such infringement has been willful and deliberate.
16 Unless enjoined by this Court, Cisco will continue to infringe the '770 patent, and Townshend
17 will suffer damages and irreparable harm.

18 **Sixth Cause of Action**

19 **(Infringement of U.S. Patent No. 6,233,284)**

20  32.     Townshend repeats the allegations contained in the paragraphs above.

21  33.     Townshend is the owner of United States Patent No. 6,233,284 ("the '284
22 patent"), entitled "High Speed Communications System for Analog Subscriber Connections."
23 The patent is attached hereto as Exhibit G.

24  34.     Several of Cisco's client-side products, including without limitation its WIC1AM
25 WAN Interface Card and WIC2AM WAN Interface Card; and several of Cisco's server-side
26 products, including without limitation its AccessPath Access Servers – AccessPath-TS3, AS5850
27 Universal Gateway, AS5800 Universal Access Server, AS5400 Universal Gateways, AS5350

28

1  Universal Gateway, and AS5300 Universal Access server; infringe the '284 patent either

2  directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

3      35. On information and belief, such infringement has been willful and deliberate.

4      36. Unless enjoined by this Court, Cisco will continue to infringe the '284 patent, and

5  Townshend will suffer damages and irreparable harm.

**Seventh Cause of Action**

**(Infringement of U.S. Patent No. 6,233,275)**

8      37. Townshend repeats the allegations contained in the paragraphs above.

9      38. Townshend is the owner of United States Patent No. 6,233,275 ("the '275

10 patent"), entitled "High Speed Encoding and Decoding Methods for Analog Subscriber

11 Connections." The patent is attached hereto as Exhibit H.

12     39. Several of Cisco's client-side products, including without limitation its WIC1AM

13 WAN Interface Card and WIC2AM WAN Interface Card; and several of Cisco's server-side

14 products, including without limitation its AccessPath Access Servers – AccessPath-TS3, AS5850

15 Universal Gateway, AS5800 Universal Access Server, AS5400 Universal Gateways, AS5350

16 Universal Gateway, and AS5300 Universal Access server; infringe the '275 patent either

17 directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

18     40. On information and belief, such infringement has been willful and deliberate.

19     41. Unless enjoined by this Court, Cisco will continue to infringe the '275 patent, and

20 Townshend will suffer damages and irreparable harm.

**Eighth Cause of Action**

**(Infringement of U.S. Patent No. 5,835,538)**

23     42. Townshend repeats the allegations contained in the paragraphs above.

24     43. Townshend is the owner of United States Patent No. 5,835,538 ("the '538

25 patent"), entitled "High Speed Encoding and Decoding Methods for Analog Subscriber

26 Connections." The patent is attached hereto as Exhibit I.

27     44. Several of Cisco's server-side products, including without limitation its

28 AccessPath Access Servers – AccessPath-TS3, AS5850 Universal Gateway, AS5800 Universal

1  Access Server, AS5400 Universal Gateways, AS5350 Universal Gateway, and AS5300

2  Universal Access server, infringe the '538 patent either directly, contributorily, and/or by

3  inducement, in violation of 35 U.S.C. § 271.

4      45.    On information and belief, such infringement has been willful and deliberate.

5      46.    Unless enjoined by this Court, Cisco will continue to infringe the '538 patent, and

6  Townshend will suffer damages and irreparable harm.

**Certification of Interested Entities or Persons Pursuant to Civil L.R. 3-16**

8      47.    Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

9  persons, firms, partnerships, corporations (including parent corporations) or other entities (i)

10 have a financial interest in the subject matter in controversy or in a party to the proceeding, or

11 (ii) have a non-financial interest in that subject matter or in a party that could be substantially

12 affected by the outcome of this proceeding: 3Com Corporation (potential beneficiary of a

13 portion of any award or settlement); and Peninsula Community Foundation Corporation, Dr.

14 Brent Townshend, and Townshend/Lamarre Family Trust (members of Townshend Intellectual

15 Property LLC).

**Requested Relief**

17     48.    WHEREFORE, Townshend requests that the Court enter judgment in its favor

18 and against Cisco as follows:

19     (a)    Granting preliminary and permanent injunctions enjoining Cisco, its officers,

20 agents, representatives, distributors, employees, affiliates, parent and subsidiary corporations,

21 and all those in privity or acting in concert with Cisco, from further infringing, contributing to

22 and/or inducing the infringement of the patents in suit;

23     (b)    Awarding compensatory damages to Townshend according to proof at trial;

24     (c)    Awarding treble damages to Townshend pursuant to 35 U.S.C. § 284;

1     (d)    Awarding attorneys' fees to Townshend pursuant to 35 U.S.C. § 285;

2     (e)    Such other relief as the Court deems proper.

Dated: November 1, 2002

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By:    /s/ Robert P. Feldman
       Robert P. Feldman

Attorneys for Plaintiff
TOWNSHEND INTELLECTUAL
PROPERTY, L.L.C.

**Jury Trial Demanded**

Plaintiff Townshend Intellectual Property, L.L.C. hereby demands a jury trial.

Dated: November 1, 2002                    WILSON SONSINI GOODRICH & ROSATI
                                           Professional Corporation


                                           By:    /s/ Robert P. Feldman
                                                  Robert P. Feldman

                                           Attorneys for Plaintiff
                                           TOWNSHEND INTELLECTUAL
                                           PROPERTY, L.L.C.