UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TOWNSHEND PATENT LITIGATION,<br><br>_____<br><br><br>AND RELATED COUNTERCLAIMS<br>_____ | Case No.: C 02-4833 JF (PVT)<br>And Consolidated Cases<br><br>**ORDER RE DEFENDANT AGERE'S MOTION TO COMPEL DISCOVERY AND INFRINGEMENT CONTENTIONS** |

On December 16, 2003, the parties appeared before Magistrate Judge Patricia V. Trumbull for a hearing on Defendants Agere's Motion to Compel Discovery and Infringement Contentions. Specifically, Agere seeks to compel Townshend LLC to supplement its responses to Interrogatories 4 and 5, to produce documents pursuant to Document Requests 51, 53, 42 and 69; and, finally, to supplement its Preliminary Infringement Contentions (PIC) under Patent Local Rule 3-1.

The court ruled from the bench on the interrogatory and document request issues and submitted the issue of whether Townshend should be required to supplement its PICs. Having reviewed the parties' papers and the arguments presented at the hearing,

IT IS HEREBY ORDERED that Agere's Motion to Compel is GRANTED with respect to Interrogatories 4 and 5, which relate to the validity of the patents-in-suit. Plaintiff shall provide

supplemental responses to these interrogatories pending entry of a protective order.[1]

IT IS FURTHER ORDERED that Agere's Motion to Compel is GRANTED with respect to Document Requests 51 and 53 regarding documents from prior lawsuits involving the patents-in-suit. Specifically, as to the confidential documents of third parties with whom Townshend has Nondisclosure Agreements, by no later than fourteen days from December 16, 2003, Townshend shall identify the third parties who consent to disclosure of confidential documents to Agere. Subsequently, for those third parties who would not give their consent, Agere shall be responsible for seeking leave of the court to be added to the Nondisclosure Agreements. Finally, with respect to the production of correspondence files from prior lawsuits, Townshend shall produce all responsive documents and shall create a document by document privilege log for those it withholds. However, Townshend shall not be required to review or produce any documents from the internal litigation files at Wilson Sonsini Goodrich & Rosati, Townshend's outside litigation counsel.

IT IS FURTHER ORDERED that Agere's Motion to Compel is GRANTED with respect to Document Requests 42 and 69 regarding the financial condition of Dr. Brett Townshend, the sole inventor of the patents-in-suit. License negotiations on the patents occurred before Townshend Intellectual Property LLC was formed and, thus, documents regarding Dr. Townshend's personal financial condition at the time of the negotiations and benefit from the licenses are relevant to issues regarding damages, including the calculation of reasonable royalties. Plaintiff shall only be required to produce financial documents related to the patents-in-suit, however, and shall not be required to produce all documents relating to Dr. Townshend's general financial condition.

---

[1] A hearing to resolve outstanding issues with regard to the protective order is currently set for January 6, 2004.

1  IT IS FURTHER ORDERED that Agere's Motion to Compel continues to be SUBMITTED
2  with respect to Townshend's obligation to supplement its PICs.  The court will issue a subsequent
3  order on this issue.
4  IT IS SO ORDERED.

7  Dated: *12/19/03*

　　　　　　　　　　　　　　　　　　　　　*/s/ Patricia V. Trumbull*
　　　　　　　　　　　　　　　　　　　　　PATRICIA V. TRUMBULL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge