1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11

12   IN RE TOWNSHEND PATENT           )     Case No.: C 02-4833 JF (PVT)
     LITIGATION,                       )     And Consolidated Cases
13                                      )
                                        )     **ORDER RE ESS TECHNOLOGY**
14   _____ )     **INC.'S MOTION TO COMPEL**
                                        )     **PRODUCTION OF DOCUMENTS**
15                                      )
                                        )
16                                      )
     AND RELATED COUNTERCLAIMS         )
17   _____ )

18          On May 31, 2005 the parties appeared before Magistrate Judge Patricia V. Trumbull for

19   hearing on a motion by ESS to compel Townshend to produce documents.[1]  Based on the briefs

20   and arguments submitted,

21          IT IS HEREBY ORDERED that ESS' motion is GRANTED IN PART and DENIED IN

22   PART as to Document Request No. 2.

23          The motion is granted to the extent Townshend is still withholding any responsive

24   documents based on third-party confidentiality concerns.  Townshend shall produce any such

25   documents no later than June 21, 2005.  Townshend's confidentiality obligations to third parties

26   are discharged once he notifies the third party of the pending document request.  After that, it is

27

28          [1]     As used herein, "Townshend" refers to both Brent Townshend and Townshend
     Intellectual Property, LLC, and "ESS" refers to ESS Technology, Inc.  The holding of this court
     is limited to the facts and the particular circumstances underlying the present motion.

1  incumbent upon the third-party to move for protection (or to designate the documents

2  confidential under the Protective Order already entered in this case).  To the extent Townshend

3  has his own confidentiality interest in the documents, he may also designate them confidential

4  under the Protective Order.

5        The motion is denied to the extent ESS seeks production of sublicenses to which

6  Townshend is not a signatory.  The party seeking the production of documents bears the burden

7  of proving that the opposing party has legal control of the documents.  *United States v.*

8  *International Union of Petroleum and Industrial Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989).

9  ESS argues that, as the original licensor, Townshend must have the right to obtain copies of the

10  sublicenses related to Townshend's patents.  However, ESS made no factual showing to establish

11  this to actually be the case as to the sublicenses.  This ruling is without prejudice to ESS bringing

12  a renewed motion, along with a motion for sanctions, if it can make such a showing at a later

13  date.

14        With regard to supplementation to produce newly entered licenses, Townshend need only

15  supplement at reasonable intervals.  The parties shall meet and confer to determine what intervals

16  are reasonable for the purposes of this case.  No later than June 30, 2005, the parties shall submit

17  either a stipulated form of order, or else their respective proposed forms of order setting forth the

18  intervals at which each party shall supplement its discovery responses.

19        IT IS FURTHER ORDERED that ESS' motion is DENIED as to Document Request

20  No. 15 based on Townshend's representation at the hearing that all responsive documents have

21  been produced.[2]

22        IT IS FURTHER ORDERED that  ESS' motion is DENIED with regard to this court's

23  December 19, 2003 order.  That order specifically addressed a procedure for Agere to obtain

24  access to certain third party confidential information.  The order specified that Townshend was to

25

26      [2]    The court is increasingly concerned with the lack of clarity in the parties' meet
and confer discussions, and subsequent briefing of discovery disputes.  After reading
27  Townshend's opposition papers, it was not at all clear to the court whether or not Townshend had
produced all non-privileged responsive documents.  Arguing that there is no reason to expect that
28  Townshend would have certain documents is not an unequivocal statement that Townshend has
no such documents.  The former statement serves only to raise questions regarding whether such
documents nonetheless exist.

1  identify those third parties who consent to disclosure of confidential documents "to Agere," and

2  that as to any third parties who did not so consent, the burden was on Agere to seek leave of

3  court to be added to the relevant Nondisclosure Agreement.  Nothing in the order addressed

4  disclosure of third party confidential information to ESS.

5  Dated:  *6/6/05*

6

7                                    */s/ Patricia V. Trumbull*
                                     PATRICIA V. TRUMBULL
                                     United States Magistrate Judge
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28