UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TOWNSHEND PATENT LITIGATION, ) ) ) ) _____ ) ) ) ) AND RELATED COUNTERCLAIMS ) _____ ) | Case No.: C 02-4833 JF (PVT) And Consolidated Cases **ORDER DENYING ESS TECHNOLOGY, INC.'S MOTION FOR PROTECTIVE ORDER (RE CHAN DEPOSITION)** |

On October 11, 2005 the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on a motion by ESS Technology, Inc. ("ESS") for a protective order regarding the deposition of Fred S.L. Chan ("Chan").[1] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that ESS' motion is DENIED.

Upon a showing of "annoyance, embarrassment, oppression, or undue burden or expense" by a party resisting a deposition, a federal court may issue a protective order limiting or prohibiting the deposition. *See* FED.R.CIV.P. 26(c). However, a strong showing is required before a court will preclude a deposition entirely. *See Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) (district court erred in granting protective order precluding deposition of defendant Herald-Examiner's publisher where plaintiff suggested possible information publisher

---

[1] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

might have that others did not).

Because of the potential for abuse by plaintiffs, courts do sometimes protect high-level corporate officers from depositions when the officer has *no* first-hand knowledge of relevant facts or where the testimony would be repetitive. *See Salter v. Upjohn Co.*, 593 F.2d 649 (5th Cir. 1979); *see also, Liberty Mut. Ins. Co. v. Superior Ct.*, 13 Cal.Rptr.2d 363 (1992). But where a corporate officer has first hand knowledge of relevant facts, a deposition is generally allowed. *See Blankenship*, 519 F.2d at 429; *see also, Anderson v. Air West, Inc.*, 542 F.2d 1090, 1092-93 (9th Cir. 1976) (approving denial of Howard Hughes' motion for protective order because he "probably had some knowledge" regarding substance of plaintiffs' claims); *and Six West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 102-06 (S.D.N.Y. 2001) (compelling deposition of Sony's CEO when plaintiff "presented sufficient evidence to infer that [CEO] had some unique knowledge on several issues related to its claims"). Further, a claimed lack of knowledge or recollection is not sufficient grounds for a protective order, since the opposing party is entitled to test that lack of knowledge or recollection. *See Amherst Leasing Corp. v. Emhart Corp.*, 65 F.R.D. 121, 122 (D. Conn. 1974); and *Travelers Rental Co., Inc.*, 116 F.R.D. 140, 143 (D. Mass. 1987).

In the present case, Townshend has submitted evidence suggesting that Chan has at least some firsthand knowledge of relevant facts. And ESS has not carried its burden of showing that the deposition of Chan would impose any undue burden on either ESS or Chan. Chan's declaration provides no information regarding his current workload, travel schedule or other information which would support a finding of undue burden. As noted above, a claimed lack of knowledge in not sufficient grounds for a protective order. Thus, Townshend is entitled to take Chan's deposition. *See* FED.R.CIV.P. 26(c).

Dated: *10/13/05*

PATRICIA V. TRUMBULL
United States Magistrate Judge