UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| IN RE TOWNSHEND PATENT LITIGATION, | ) ) ) ) ) ) ) ) ) ) | Case No.: C 02-4833 JF (PVT)<br>And Consolidated Cases<br><br>**ORDER RE TOWNSHEND'S MOTION TO COMPEL AND FOR PROTECTIVE ORDER** |
| AND RELATED COUNTERCLAIMS | ) ) | |

On October 11, 2005 the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Townshend's[1] motion to compel and for a protective order.[2] Based on the briefs and arguments submitted,

IT IS HEREBY ORDERED that Townshend's motion is GRANTED with regard to the Rule 30(b)(6) Deposition of ESS Technology, Inc. ("ESS") on the topics of document retention and document collection for production in this action. The scope of discovery expressly includes "the existence . . . custody . . . and location of any books, documents, or other tangible things."

---

[1] As used herein, "Townshend" refers collectively to Brent Townshend and Townshend Intellectual Property, LLC.

[2] The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

*See* FED.R.CIV.PRO. 26(b)(1). Thus, discovery regarding a party's document retention practices is expressly anticipated by the Federal Rules of Civil Procedure. And as to document collection efforts, Townshend has shown that certain aspects of the document production by ESS at a minimum raise questions about the adequacy of ESS' document search. Further, when Townshend attempted to question an individual deponent about ESS' review and collection of documents for production, ESS improperly instructed the witness not to answer.[3]

IT IS FURTHER ORDERED that Townshend's motion is DENIED as moot with regard to the individual depositions of Fred Chan and Robert Blair, based on this court's denial of ESS' motion for protective order with regard to Fred Chan and ESS' agreement to produce Robert Blair for deposition. This ruling is without prejudice to a renewed motion for relief from the one day limit on depositions in the event Townshend believes additional time is necessary and the parties cannot reach an agreement in that regard.

IT IS FURTHER ORDERED that Townshend's motion is DENIED with regard to Document Request No. 66. As written, the request is impermissibly overbroad because it is not limited to information relevant to the claims and defenses in this action.

IT IS FURTHER ORDERED that Townshend's motion is DENIED with regard to ESS' privilege log based on ESS' representation that it is currently reviewing its privilege log to ensure that no communications which were intended to be passed on to third parties are logged thereon. No later than October 24, 2005, ESS shall provide a revised privilege log to Townshend, or shall state in writing that its review did not reveal any non-privileged communications on the log. This ruling is without prejudice to a renewed motion in the event ESS does not revise its privilege log, or if Townshend believes the revised privilege log continues to be inadequate. Any such renewed motion may be brought on two weeks notice. The opposition to any such renewed motion shall be filed 5 court days before the hearing. No reply shall be filed.

IT IS FURTHER ORDERED that Townshend's motion is DENIED to the extent it seeks

---

[3] While *some* discussions between ESS' counsel and ESS' employees regarding document production may be privileged (if intended to be kept confidential), the court knows of no privilege that would protect information regarding the *actions* of ESS personnel in reviewing and collecting documents for the purpose of producing them in this lawsuit.

1 an order requiring ESS to log privileged documents created after the date this litigation was filed.
2 Townshend and ESS have informed the court that the parties previously agreed that no
3 documents created after the filing of the litigation need be logged on a privilege log.  The fact
4 that the court has required Townshend to log a specific category of documents–his notebook
5 entries–even if created after the litigation filing date does not automatically nullify the parties'
6 prior agreement as it applies to other documents.  And Townshend has not explained what
7 purpose, if any, would be served by requiring ESS to log post-filing privileged communications.

8 Dated: *10/13/05*

*[signature]*
PATRICIA V. TRUMBULL
United States Magistrate Judge