UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE TOWNSHEND PATENT LITIGATION<br><br>AND RELATED COUNTERCLAIMS | Case No.: C 02-4833 JF (PVT)<br><br>**ORDER GRANTING BROADCOM'S MOTION TO INTERVENE; AND INTERIM ORDER FOR FURTHER MEET AND CONFER RE PROTECTIVE ORDER** |

## INTRODUCTION

Broadcom Corporation moves to intervene and modify the protective order to gain access to discovery previously produced by defendant Agere and third party Zhone (the successor to AT&T Paradyne) in the above-captioned action. Plaintiff Townshend Intellectual Property, LLC opposes the motion.[1] On September 25, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, Broadcom Corporation's motion to intervene is granted.[2] The parties shall further meet and confer to determine the scope of the discovery and any proposed modifications to the protective order.

---

[1] Townshend Intellectual Property, LLC was a plaintiff in the above-captioned action and is now a plaintiff in the pending action in which Broadcom Corporation is a defendant.

[2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

Additionally, the parties shall appear for further hearing on October 23, 2007 at 10AM.

## BACKGROUND

The above-captioned case was settled as to all defendants. (the "prior action"). Shortly after settlement of the prior action, the same plaintiff Townshend Intellectual Property, LLC filed a complaint against Broadcom Corporation alleging various claims of patent infringement. (the "new action").[3]

Dr. Brent Townshend alleges that he invented the dial-up 56 kilobit per second computer modem technology of the 1990s. In the prior action, Dr. Townshend, and his company Townshend Intellectual Property, LLC (collectively "Townshend"), alleged that five defendants, including Agere, Analog Devices, Cisco/Texas Instruments, ESS Technology and Intel, infringed his eight patents related to that specific technology. In the new action, plaintiff Townshend alleges that defendant Broadcom Corporation ("Broadcom") has infringed seven of these same patents for its use of the same technology.

Like some of the defendants in the prior action, Broadcom intends to assert a defense of prior invention in the new action. Other defendants, including now Broadcom in the new action, have alleged that Dr. Townshend was *not* the first inventor of the dial up 56 kilobit per second computer modem technology. (the "technology"). Rather, the technology was developed at AT&T/Bell Labs well before Dr. Townshend claimed he had invented the same technology. In the event, the defense is successful, all of Dr. Townshend's relevant patents would be rendered invalid pursuant to 35 USC §102(g). (the "§102(g) defense").

Although three of the five defendants settled earlier in the prior action, two of the other defendants, including Agere and ESS Technology, pursued further discovery. As a result, discovery specifically relating to the §102(g) defense was further developed. Defendants Agere

---

[3] The new action is entitled *Townshend Intellectual Property, LLC v. Broadcom Corporation,* Case No. 06-5118 JF (RS). Townshend states that Broadcom was not included in the prior action because of client conflicts and Townshend disputes that Broadcom was not included in the prior action because of its minor role in the dial up 56 kilobit per second computer modem technology industry.

and ESS Technology later settled in the prior action.[4]

On August 21, 2007, Broadcom moved to intervene and modify the protective order to gain access to specific discovery for the new action. On September 4, 2007, plaintiff Townshend Intellectual Property, LLC filed its opposition. On September 11, 2007, Broadcom filed its reply.

## DISCUSSION

### I.   Broadcom's Motion to Intervene

Intervention is allowed in an action "when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b)(2). "[A] Rule 24(b) intervention [is] the proper method to modify a protective order . . . . [and it] permits limited intervention for the purpose of challenging a protective order." *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992)(internal citations omitted); *Foltz v. State Farm Mut. Auto Ins.*, 331 F.3d 1122, 1134 (9th Cir. 2003). See also, *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990). Under Rule 24(b), permissive intervention to litigate a claim on the merits includes the following requirements: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the claim or defense of the moving party and the main action. *Id.* at 473. A party seeking to intervene to modify a protective order need not show an independent jurisdictional basis if "[t]he district court retained the power to modify the protective order." *Id.* See also, *San Jose Mercury News, Inc. v. United States Dist. Ct., No. Dist. (San Jose)* 187 F.3d 1096, 1100 (9th Cir. 1999). "[T]he importance of access to documents prepared for similar litigation involving the same parties satisf[ies] the commonality requirement of 24(b)." *Id.* at 474.

In *Beckman Industries,* five insureds in a state court action moved to intervene in a

---

[4]   Indeed, Agere is the successor to Bell Labs. Because Broadcom alleges that the technology was developed at AT&T/Bell Labs rather than by Dr. Townshend himself, the discovery from the prior action, including 84,000 pages in documents and deposition transcripts of at least four alleged prior inventors, is particularly important to its "central" defense in the new action. Some of the documents were produced by third-party, AT&T Paradyne.

federal court action between an insured and insurer that had been settled. In the federal court action, the court had entered a stipulated blanket protective order which ensured the confidentiality of certain discovery. The state court action involved the same insurer and the same issues which related to coverage of certain environmental impairment liabilities. The Ninth Circuit rejected the insurer's argument that "the words 'claim or defense' in Rule 24(b) refer only to the type of valid claim or defense that can be basis for intervention in an actual or impending lawsuit." *Id.* at 473. Instead, the Ninth Circuit reasoned as follows:

> [t]he issue of interpretation of the policy supplies a sufficiently strong nexus between the district court action and the state actions to satisfy the commonality requirement. Further, specificity, e.g., that the claim involve the same clause of the policy, or the same legal theory, is not required when intervenors are not becoming parties to the litigation. There is no reason to require such a strong nexus of fact or law when a party seeks to intervene only for the purpose of modifying a protective order.

And the Ninth Circuit noted that "precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Id.* at 475. For example, in *Olympic Refining Company v. Carter*, 332 F.2d 260, 264 (9th Cir.), *cert. denied*, 379 U.S. 900, 85 S.Ct. 186, 13 L.Ed.2d 175 (1964), the Ninth Circuit allowed Olympic to modify a protective order "to meet the reasonable need of other parties in other litigation." Notwithstanding precedent, the Ninth Circuit did consider the "reliance interests of the party opposing modification" and concluded that the party opposing modification stipulated to a blanket protective order and did not make a particular showing of reliance as to the specific discovery sought in the state court action. *Beckman Industries, Inc. v. International Ins. Co.*, 966 F.2d at 476.

Broadcom moves to intervene and modify the protective order in the prior action. Specifically, Broadcom argues that there is commonality of fact and law between the prior action and the new action. Seven of the eight patents and 20 of the claims asserted in the prior action are now asserted against Broadcom in the new action. Additionally, Broadcom has asserted many of the same counterclaims in the new action which other defendants had asserted in the prior action. Three of Broadcom's counterclaims, including patent misuse/exhaustion, waiver and estoppel, rely on the same facts that are alleged in the prior action. Broadcom alleges, in part, that facts relating to Townshend's deceptive conduct before the standard-setting body and its §102(g) defense are nearly identical. Townshend would be hard pressed to distinguish the

1  patent infringement claims and the §102(g) defense in the prior action from the new action and
2  has even gone so far as to argue that the new action is the same as the prior action. Broadcom
3  seeks production of certain documents produced by Agere and AT&T Paradyne and the
4  deposition transcripts of at least four of the alleged inventors. Broadcom argues that the volume
5  of documents from Agere is particularly significant because it also encompasses documents
6  produced by many of the prior inventors who had been employed previously at Bell Labs.
7  Pursuant to paragraph 7 of the protective order entered in the prior action, Broadcom further
8  argues that it has obtained consent from Agere and AT&T Paradyne and that it is more logical
9  and cost-effective to obtain the discovery from the prior action. Finally, Broadcom argues that its
10 motion is timely and modification of the protective order avoids further inconvenience to third
11 parties who had already cooperated in the prior action.

12      Pursuant to the protective order entered in the prior action, Townshend contends that
13 much of the discovery was destroyed or returned to the respective parties following the
14 settlement. The parties were allowed to retain attorney work product memos, various pleadings,
15 deposition, hearing and trial transcripts, recordings and exhibits. Discovery was not completed
16 because of the settlement in the prior action and a complete production of documents is not
17 presently available. Therefore, discovery, nonetheless, will have to be conducted in the new
18 action. Townshend further contends that modification of the stipulated protective order in the
19 prior action requires notice to all parties as well as court approval. As proposed by Broadcom,
20 Townshend contends that the modified protective order is overly broad.

21      As Rule 24(b) allows permissive intervention for the limited purpose of challenging a
22 protective order, Broadcom's motion to intervene is granted. In paragraph 10.2, the court
23 "retain[ed] jurisdiction indefinitely over the Parties, and any persons provided access to
24 Confidential Information under the terms of this Order, with respect to any dispute over the
25 improper use of such Confidential Information." Notwithstanding the court's jurisdiction over
26 the protective order in the prior action, the court finds that there is a common question of law and
27 fact between the claim or defense of the moving party and the main action. As in the prior
28 action, Townshend has alleged patent infringement for seven of the same patents and 20 of the

claims in the new action. Moreover, Broadcom intends to asserts similar counterclaims and defenses, including the §102(g) defense, which were asserted by defendants in the prior action. Additionally, three of counterclaims set forth above rely on the same facts alleged in the prior action. Finally, the court finds that Broadcom's motion is timely. After Broadcom's efforts to meet and confer proved futile, the motion to intervene was promptly filed. Accordingly, Broadcom's motion to intervene is granted.[5]

## II.     Broadcom's Motion to Modify the Protective Order in the Prior Action

Broadcom further moves to modify the protective order in the prior action and seeks to modify paragraph 7 of the protective order as follows: "Under no circumstances shall any Receiving Party disclose or make use of any Confidential Information obtained by it except for the purpose of this civil action and the *Townshend v. Broadcom Corporation*, Case No. 06-05118 JF (RS) litigation."

Townshend complains that Broadcom has failed to provide notice to the parties in the prior action and its proposed modification to the protective order in the prior action is overly broad. Townshend requests "[a]t the very least, any modification should be narrowly tailored to balance the purpose of protective orders and the proprietary interests of third parties against any benefit actually achieved from the modification."

The parties shall further meet and confer regarding the scope of discovery and proposed modifications to the protective order in the prior action. In the event, the parties are not able to agree on these outstanding issues, the parties shall appear for further hearing on October 23, 2007 at 10AM.

IT IS SO ORDERED.

Dated: 9/27/07

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[5] *See, e.g., People Who Care, et al., v. Rockford Bd. Of Education, School Dist. No. 205* (7th Cir. 1999)(magistrate judge had authority to rule on motion to intervene); *WFK Associates v. Tangipahoa Parish*, 2007 WL 1537633 (E.D. La. 2007)(a court will disturb a magistrate's ruling only upon showing that the ruling is "clearly erroneous or contrary to law" and magistrate's ruling denying motion to intervene was not clearly erroneous or contrary to law.).